UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JOHN L. CONLEY,<br>    Plaintiff, | CASE NO. 3:16-cv-2083 (VAB) |
| v. | |
| JOSE RIVERA, et al.,<br>    Defendants. | |

**INITIAL REVIEW ORDER**

Plaintiff, John L. Conley, currently incarcerated at Northern Correctional Institution, filed this Complaint *pro se* under 42 U.S.C. § 1983 ("Section 1983"). Mr. Conley's Complaint was received on December 19, 2016, ECF No. 1, and his motion to proceed *in forma pauperis* was granted on January 4, 2017, ECF No. 9. The Defendants are Captain Jose Rivera, Lieutenants Hicks and Goudreault, and Correctional Officers Magliochetti, Mclain,[1] Bertrand, Cheney, Felix, Usluca, Cabrera and Lavimodiere. Mr. Conley alleges that the Defendants failed to protect him from an alleged assault by another inmate.

**I.    Standard of Review**

Under 28 U.S.C. § 1915A, the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A. In reviewing a pro se complaint, the Court must "liberally construe [the] pleadings," and interpret the complaint to "raise the strongest arguments it suggests."

---

[1] Defendant Mclain is incorrectly listed on the docket as McClain.

*Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-03 (2d Cir. 2010) (discussing special solicitude that courts ought to show to pro se litigants). Although detailed allegations are not required, the complaint must still include sufficient facts to afford the defendants fair notice of the claims and the grounds upon which they are based and to demonstrate a right to relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). Conclusory allegations are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

## II.   Factual Allegations

While incarcerated at Bridgeport Correctional Center, Mr. Conley was allegedly designated as a Security Risk Group member and allegedly transferred to MacDougall-Walker Correctional Institution in late December 2015. Compl. at 8, ECF No. 1. Mr. Conley was confined in the B1 housing unit in Phase One of the Security Risk Group Program. *Id.* Captain Rivera was allegedly in charge of the unit. *Id.*

Allegedly, inmates in the B1 unit are required to attend recreation handcuffed with their hands behind their backs. Compl. at 8. During his recreation time, which Mr. Conley allegedly shared with the Bloods, he allegedly observed that thinner inmates were able to slip their handcuffs to the front and assault other inmates. *Id.* Mr. Conley allegedly brought this fact to Captain Rivera's attention numerous times. Mr. Conley also alleges that he told Captain Rivera about such an inmate, Jayquan Dilday, who allegedly insisted that Mr. Conley was not a gang member and had stated that, if Mr. Conley continued to have recreation time at the same time as the Bloods, Mr. Dilday would assault Mr. Conley. *Id.* at 8-9.

2

Mr. Conley allegedly submitted his first request to Captain Rivera on February 9, 2016, after allegedly hearing members of the Bloods asking why Mr. Conley shared recreation time with them. Compl. at 9. When he received no response, Mr. Conley allegedly spoke to Captain Rivera when he toured the housing unit. *Id.* Captain Rivera allegedly stated that he would look into the matter. *Id.* Mr. Conley alleges that he did not attend recreation while waiting for a response. *Id.* Inmates who had allegedly overheard the conversation between Mr. Conley and Captain Rivera allegedly began calling Mr. Conley a snitch. *Id.*

On March 13, 2016, Mr. Conley allegedly passed Captain Rivera a note while Captain Rivera was touring the housing unit and told Captain Rivera that he was losing patience. Compl. at 9-10. Captain Rivera allegedly stated that he was still investigating the matter and advised Mr. Conley to "sit tight." *Id.* at 10.

On May 26, 2016, Mr. Conley alleges that he attended recreation to speak with the Bloods to try to come to an agreement that would allow him to attend recreation. Compl. at 10. While he was speaking to Blood members, another Blood-affiliated inmate allegedly slipped his handcuffs to the front and assaulted Mr. Conley, who was unable to defend himself as his hands were behind his back in handcuffs. *Id.*

Defendants Hicks, Goudreault, Cheney, Bertrand and Mclain allegedly responded to the assault and escorted Mr. Conley to segregation. Compl. at 11. Five minutes later, Defendant Goudreault allegedly escorted Mr. Conley to the medical unit where the laceration to Mr. Conley's right eye, sustained during the alleged assault, was treated. *Id.*

The following day, Mr. Conley allegedly returned to B1 unit and permitted to serve his segregation time there. Compl. at 11. Mr. Conley allegedly experienced explosive headaches

3

and blurred vision. *Id.* He was allegedly seen in the Medical Unit and scheduled for an eye exam. *Id.*

**III.**   **Discussion**

Mr. Conley asserts three legal claims: (1) a claim for supervisory liability against Defendants Rivera, Hicks and Goudreault; (2) a claim for deliberate indifference to safety against Defendant Rivera; and (3) a claim for failure to protect him from harm against Defendants Mclain, Bertrand, Cheney, Magliochetti, Felix, Usluca, Cabrera and Lavimodiere. "Because a finding of supervisory liability requires that the allegations against that supervisory defendant 'satisfy each element of the underlying constitutional tort," the Court first considers the deliberate indifference to safety claim against Captain Rivera before considering the supervisory liability claim against him and Defendants Hicks and Goudreault. *Manning v. Griffin*, No. 15-CV-3 (KMK), 2016 WL 1274588, at *12 (S.D.N.Y. Mar. 31, 2016) (citing *Turkmen v. Hasty*, 789 F.3d 218, 249-50 (2d Cir. 2015) (discussing supervisory liability in *Bivens* claims), *cert granted*, *Ziglar v. Turkmen*, 137 S. Ct. 292 (2016)).

    A.    <u>Eighth Amendment Claims</u>

        **1.**    **Deliberate Indifference Claim**

To state a claim for the violation of the Eighth Amendment through a deliberate indifference to his safety, Mr. Conley must show that "(1) he was incarcerated under conditions posing a substantial risk of serious harm and (2) defendant prison officials possessed sufficient culpable intent." *Lewis v. Swicki*, 629 F. App'x 77, 79 (2d Cir. 2015) (internal quotation marks omitted) (citing *Hayes v. N.Y.C. Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir.1996)); *see also Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A prison official acts with "culpable intent" that

4

violates the Eighth Amendment "if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Lewis*, 629 F. App'x at 79.

Mr. Conley alleges that Captain Rivera was deliberately indifferent to his safety because he did not act on Mr. Conley's multiple complaints of threatened harm during the period from Mr. Conley's first complaint in early February 2016 through the date of the alleged assault in late May 2016. These allegations are sufficient to state a claim for deliberate indifference against Captain Rivera under the Eighth Amendment because Mr .Conley has alleged, first, that Captain Rivera had knowledge of the threats to Mr. Conley's safety because Mr. Conley had reported these threats to Captain Rivera and, second, that Captain Rivera failed to take any measures to prevent the harm. *Lewis*, 629 F. App'x at 79. These allegations meet the requirements to state a claim for deliberate indifference to safety.

### 2. Failure to Protect Claim

Under the Eighth Amendment, prison officials have a duty to make reasonable efforts to ensure inmate safety. This duty includes protecting inmates from harm at the hands of other inmates. *See Farmer*, 511 U.S. at 832; *Fischl v. Armitage*, 128 F.3d 50, 55 (2d Cir. 1997) ("The Eighth Amendment . . . imposes on prison officials a duty to protect prisoners from violence at the hands of other prisoners." (internal quotation marks omitted)). To establish an Eighth Amendment violation for a prison official's failure to protect from harm, an incarcerated plaintiff must show first, "that he is incarcerated under conditions posing a substantial risk of serious harm," and second, that the prison official had a "sufficiently culpable state of mind," which in "prison-conditions cases" is "one of deliberate indifference to inmate health or safety." *Farmer*,

5

511 U.S. at 834.  To show deliberate indifference, the plaintiff must show that "the official kn[ew] of and disregard[ed] an excessive risk to inmate health or safety," which means that the official must "both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.  Thus, the "deliberate indifference standard embodies both an objective and a subjective prong." *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994); *see also Bridgewater v. Taylor*, 698 F. Supp. 2d 351, 357 (S.D.N.Y. 2010) (explaining that defendants must be aware of facts supporting an inference that harm would occur and must actually draw that inference).

Mr. Conley alleges no facts suggesting that defendants Mclain, Bertrand, Cheney, Magliochetti, Felix, Usluca, Cabrera and Lavimodiere were aware of any threats to Mr. Conley's safety before the assault occurred.  Mr. Conley's factual allegations only indicate that Captain Rivera had awareness of Mr. Conley's complaints.  Thus, he has alleged no facts supporting the subjective component of the failure to protect standard.  The claims against defendants Mclain, Bertrand, Cheney, Magliochetti, Felix, Usluca, Cabrera and Lavimodiere are dismissed under 28 U.S.C. § 1915A(b)(1).

    B.    <u>Supervisory Liability</u>

To state a claim for supervisory liability under Section 1983, a plaintiff must allege that a defendant had some "personal responsibility" for the alleged constitutional violation. *Hernandez v. Keane*, 341 F.3d 137, 144 (2d Cir. 2003) ("[S]upervisor liability in a § 1983 action depends on a showing of some personal responsibility, and cannot rest on *respondeat superior*."); *see also Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) ("It is well settled in this Circuit that personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of

6

damages under § 1983." (internal quotation marks omitted)).  The required personal responsibility of a defendant can be shown in one or more of the following ways: "(1) actual direct participation in the constitutional violation, (2) failure to remedy a wrong after being informed through a report or appeal, (3) creation of a policy or custom that sanctioned conduct amounting to a constitutional violation, or allowing such a policy or custom to continue, (4) grossly negligent supervision of subordinates who committed a violation, or (5) failure to act on information indicating that unconstitutional acts were occurring." *Hernandez*, 341 F.3d at 145.

To state a claim for supervisory liability under Section 1983, Mr. Conley must also demonstrate a causal link between the actions of the supervisory official and his injuries. *See Poe v. Leonard*, 282 F.3d 123, 140 (2d Cir. 2002) ("We have held that a supervisor may be found liable for his deliberate indifference to the rights of others . . . for his gross negligence in failing to supervise his subordinates who commit such wrongful acts, provided that the plaintiff can show an affirmative causal link between the supervisor's inaction and h[is] injury.")

Mr. Conley alleges that he was assaulted because Captain Rivera failed to take action in response to the information that Mr. Conley provided to Captain Rivera, which alleged that Mr. Dilday had threatened physical harm to Mr. Conley.  Mr. Conley has therefore stated a claim for Captain Rivera's supervisory liability by alleging first, either a "failure to remedy a wrong after being informed through a report" or "failure to act on information indicating that unconstitutional acts were occurring," *Hernandez*, 341 F.3d at 145, and second, that there was an alleged "causal link" between Captain Rivera's failure to respond to Mr. Conley's report and Mr. Dilday's alleged assault on Mr. Conley.  *Poe*, 282 F.3d at 140.  These allegations are sufficient to state a supervisory liability claim against Captain Rivera.

Mr. Conley does not, however, allege any facts suggesting that Lieutenants Hicks and Goudreault were aware of Mr. Dilday's alleged threat against Mr. Conley at any time prior to the assault or were aware that some members of the Bloods were slipping their handcuffs to the front and assaulting other inmates. Mr. Conley alleges only that he informed Captain Rivera about these problems and Mr. Dilday's alleged threats, and there are no allegations that any other corrections officer had any knowledge of these issues. Thus, Mr. Conley fails to allege facts to support a plausible claim for supervisory liability against defendants Hicks and Goudreault.

## ORDERS

In accordance with the foregoing analysis, the Court enters the following orders:

(1) All claims against defendants Hicks, Goudreault, Mclain, Bertrand, Cheney, Magliochetti, Felix, Usluca, Cabrera and Lavimodiere are **DISMISSED** under 28 U.S.C. § 1915A(b)(1). The case will proceed on the claims for deliberate indifference to safety and supervisory liability against Captain Rivera.

(2) **The Clerk shall** verify the current work address for defendant Rivera with the Department of Correction Office of Legal Affairs, mail a waiver of service of process request packet to him at the confirmed address within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the thirty-fifth (35) day after mailing. If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on the defendant in his individual capacity and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     **The Clerk shall** prepare a summons form and send an official capacity service packet to the U.S. Marshal Service.  The U.S. Marshal is directed to effect service of the complaint on defendant Rivera in his official capacity at the Office of the Attorney General, 55 Elm Street, Hartford, CT 06141, within **twenty-one (21) days** from the date of this order and to file a return of service within thirty (30) days from the date of this order.

(4)     **The Clerk shall** send written notice to plaintiff of the status of this action, along with a copy of this Order.

(5)     **The Clerk shall** send a courtesy copy of the Complaint and this Ruling and Order to the Connecticut Attorney General and the Department of Correction Office of Legal Affairs.

(6)     Defendant shall file his response to the complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the waiver form is sent.  If he chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claim recited above.  He also may include any and all additional defenses permitted by the Federal Rules.

(7)     Discovery, under Federal Rules of Civil Procedure 26 through 37, shall be completed within **seven months (210 days)** from the date of this order.  Discovery requests need not be filed with the court.

(8)     All motions for summary judgment shall be filed within **eight months (240 days)** from the date of this order.

(9)     Under Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(10)    If Mr. Conley changes his address at any time during the litigation of this case,

Local Court Rule 83.1(c)2 provides that the plaintiff MUST notify the court. Failure to do so can result in the dismissal of the case. Mr. Conley must give notice of a new address even if he is incarcerated. Mr. Conley should write PLEASE NOTE MY NEW ADDRESS on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Mr. Conley has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Mr. Conley should also notify the defendant or the attorney for the defendant of his new address.

(11)   Mr. Conley shall utilize the Prisoner Efiling Program when filing documents with the court.

**SO ORDERED** at Bridgeport, Connecticut, this 20th day of January 2017.

    /s/ Victor A. Bolden
Victor A. Bolden
United States District Judge