# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | : | |
| JOHN L. CONLEY, | : | |
| Plaintiff, | : | CASE NO. 3:16-cv-2083 (VAB) |
| | : | |
| v. | : | |
| | : | |
| JOSE RIVERA, et al., | : | |
| Defendants. | : | |
| | : | |

## RULING ON MOTIONS TO AMEND

John L. Conley ("Plaintiff"), currently incarcerated at Northern Correctional Institution,
filed this complaint *pro se* under 42 U.S.C. § 1983. On January 20, 2017, the Court filed the
Initial Review Order dismissing all claims except the claims for supervisory liability and
deliberate indifference to safety against Captain Jose Rivera ("Defendant"). ECF No. 11. Mr.
Conley now has filed two motions seeking leave to file an amended complaint, neither of which
attach the proposed amended Complaint. ECF No. 19; ECF No. 20. For the reasons that follow,
both of these motions to amend are **DENIED** without prejudice.

Under the Federal Rules, a plaintiff may amend a complaint "once as a matter of course"
within either one of "21 days after serving it" or "21 days after service of a responsive pleading
or 21 days after service of a motion" under Rule 12. Fed. R. Civ. P. 15(a)(1). "In all other cases,
a party may amend its pleading only with the opposing party's written consent or the court's
leave" and "[t]he court should freely give leave when justice so requires." Fed. R. Evid. P.
15(a)(2). The Court's ability to determine whether justice requires giving leave to amend the
complaint is curtailed if the motion to amend does not include a copy of the proposed amended

complaint. *See Baker v. Blanchette*, Case No. 3:99-CV-548 (RNC) (DFM), 2001 U.S. Dist. LEXIS 23775, at *2-3 (D. Conn. Feb. 7, 2001) ("Common sense dictates that a party requesting leave to file an amended pleading must accompany [her] motion with a copy of the proposed amended complaint. . . Without the proposed amendment, it is impossible to determine whether justice requires that the amendment be granted.").

Mr. Rivera filed an Answer to Mr. Conley's Complaint on March 24, 2017. ECF No. 18. This was more than 21 days before Mr. Rivera filed his first motion to amend on April 26, 2017, ECF No. 19, and also more than 21 days before Mr. Rivera filed his second motion to amend on May 26, 2017. ECF No. 20. Because he has failed to attach a copy of any proposed amended complaint to his motions, "it is impossible" for the Court "to determine whether justice requires that the amendment be granted." *Baker*, 2001 U.S. Dist. LEXIS 23775 at *2-3. The Court therefore denies his motion to amend his Complaint on these grounds.

The Court further notes that, in the first motion, Mr. Conley simply states that he has additional evidence to support his claims. ECF No. 19. Mr. Conley is not required to submit evidence in support of his Complaint. Thus, amendment to include such evidence is not necessary. Mr. Conley should submit his evidence in opposition to a motion for summary judgment, if such a motion is filed, or submit it at trial.

The Court also notes that, in the second motion, Mr. Conley seeks to add a failure to protect claim against Mr. Rivera. ECF No. 20. The deliberate indifference to safety and supervisory liability claims against Mr. Rivera are based on Mr. Conley's claim that he informed Mr. Rivera of a threat of assault by other inmates but Mr. Rivera took no action to protect him from the assault. Thus, the existing claims encompass Mr. Conley's contention that defendant

2

Rivera failed to protect him from harm.  Accordingly, amendment is not required to raise these

allegations.

Mr. Conley's motions to amend his Complaint, ECF No. 19; ECF No. 20, are **DENIED**

without prejudice

**SO ORDERED** at Bridgeport, Connecticut, this 17th day of July 2017.

/s/ Victor A. Bolden
Victor A. Bolden
United States District Judge