UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| JOHN L. CONLEY, | : |  |
| :--- | :--- | :--- |
|     Plaintiff, | : |  |
|  | : |  |
| v. | : | CASE NO. 16-cv-2083 (VAB) |
|  | : |  |
| JOSE RIVERA, et al., | : |  |
|     Defendants. | : |  |

**RULING ON DEFENDANTS' MOTION TO DISMISS**

Jose Rivera ("Defendant") has moved the Court to dismiss this action under Federal Rule of Civil Procedure 37(b) due to John L. Conley's ("Plaintiff") refusal to answer certain deposition questions. ECF No. 27. In the alternative, Mr. Rivera asks the Court to order Mr. Conley to pay costs associated with deposing Mr. Conley and to order Mr. Conley to answer all questions upon being re-deposed. Def.'s Br. at 1–2, ECF. No. 27-1. For the reasons that follow, the motion to dismiss is **DENIED**.

**I.    BACKGROUND**

Mr. Conley, who is incarcerated and proceeding *pro se*, has filed this action alleging that Mr. Rivera, the only remaining defendant, failed to protect him from assault by another inmate in violation of the Eighth Amendment to the U.S. Constitution. ECF No. 1, 11. In July 2017, Mr. Rivera moved the Court for leave to depose Mr. Conley "to discover the nature and basis of [his] claims." ECF No. 22. The Court granted leave. ECF No. 23. Mr. Conley was deposed on August 9, 2017. Def.'s Bf. at 2. Mr. Conley allegedly refused to answer questions relating to (1) the reason for Mr. Conley's present incarceration; (2) whether Mr. Conley acted in concert with his allege assailant to assault a third inmate; (3) whether Mr. Conley's alleged assailant manipulated

his handcuffs in order to attack the third inmate; and (4) whether it was reasonable for anyone to believe that there was tension between Mr. Conley and his alleged assailant if he and his assailant had acted in concert to attack another inmate. *Id.* at 2. Mr. Conley opposes the motion, contending that the questions which form the basis of Mr. Rivera's motion implicate his Fifth Amendment right against self-incrimination. Pl.'s Br. at 4, ECF. No. 28.

## II. STANDARD OF REVIEW

Rule 37(b) provides a non-exclusive list of sanctions that the Court may impose on a party where that party "fails to obey an order to provide or permit discovery." Fed. R. Civ. P. 37(b)(2)(A). In particular, the Rule provides for dismissal of an action in whole or in part. Fed. R. Civ. P. 37(b)(2)(A)(v).

It is well-settled in the Second Circuit, however, that "[d]ismissal under Fed. R. Civ. 37 is a drastic penalty which should be imposed only in extreme circumstances." *Salahuddin v. Harris*, 782 F.2d 1127, 1131 (2d Cir. 1986) (internal quotation marks and citation omitted). As a discovery sanction, dismissal should be utilized only where failure to comply with an order "is due to 'willfulness, bad faith, or any fault' of the deponent." *Id.* (quoting *Societe Internationale Pour Participations Industrielles et Comerciales v. Rogers*, 357 U.S. 197, 212 (1958)).

## III. DISCUSSION

Mr. Rivera argues that Mr. Conley, in refusing to answer certain questions, willfully refused to obey an order to provide discovery, which, Mr. Rivera maintains, merits the Court dismissing the case in its entirety. Def.'s Br. at 3. The Court denies the motion.

The Second Circuit has held that, absent a court order, dismissal under Fed. R. Civ. P. 37(b) is improper. *See Salahuddin*, 782 F.2d at 1131 ("The plain language of Rule 37(b) requires

2

that a court order be in effect before sanctions are imposed and we have clearly held that 'dismissal under this subdivision [is] improper in the absence of an order.'" (citation omitted)). Imposition of these sanctions under Fed. R. Civ. P. 37(b), therefore, requires an existing court order.

The Court has not ordered Mr. Conley to answer specific questions while being deposed. The only order on the docket is the order granting the Mr. Rivera leave to depose Mr. Conley. ECF No. 23. Such an order is insufficient to justify dismissal of the complaint. *See Maldonado v. Susanna Mattingly Parole Officer*, 2016 WL 3079778, at *2 (W.D.N.Y. June 1, 2016) ("[A] Case Management Order permitting the deposition of a person confined to prison is insufficient to justify dismissal of a complaint pursuant to Rule 37(b)(2)"). The proper procedure would be for the defendants to seek an order from the Court directing Mr. Conley to answer the questions already posed. *Id.* (citing *Salahuddin*, 782 F.2d at 1131); *see also Roque v. Lantz*, No. 3:06-cv-1915 (JBA) (D. Conn. July 1, 2009) (ruling and Order filed May 14, 2008 denying motion to dismiss for failure to respond to discovery requests or attend deposition because plaintiff had not previously been warned that failure to participate in discovery would result in dismissal of case). Accordingly, Mr. Rivera's motion is denied as premature.

Mr. Rivera asks, in the alternative, for the Court to order Mr. Conley to pay costs associated with his depositions that Mr. Rivera would otherwise have to pay and the Court to order Mr. Conley to answer all questions upon being further deposed. Def.'s Br. at 3. Mr. Conley contends that the information Mr. Rivera was seeking implicates Mr. Conley's rights against self-incrimination under the Fifth Amendment to the U.S. Constitution. Pl.'s Br. at 4. Although Mr. Conley did not unambiguously invoke his Fifth Amendment right during the deposition, he

could have done so. *See Universitas Education, LLC v. Nova Group, Inc.*, 2016 WL 1179773, at *4 (2d Cir. Mar. 23, 2016) (acknowledging that deponent can assert Fifth Amendment privilege with respect to specific deposition questions). Moreover, it appears that Mr. Conley could have done so in good faith, and Mr. Rivera has not shown otherwise. *Cf. Sec. & Exch. Comm'n v. Research Automation Corp.*, 521 F.2d 585, 588 (2d Cir. 1975) ("[T]he plaintiff must demonstrate that the defendant's failure to comply is due to willfulness, bad faith or fault and not to an inability to comply."). The Court thus declines to order the relief Mr. Rivera seeks in the alternative.

## IV. CONCLUSION

The defendants' motion to dismiss is **DENIED**, as is the relief Mr. Rivera seeks in the alternative.

**SO ORDERED** this 24th day of October, 2017, at Bridgeport, Connecticut.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE